# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LOIS K. SPORLEDER,

    **Plaintiff,**

    v.

U.S. BANCORP D/B/A U.S. BANK,

    **Defendant.**

Case No. 2:19-CV-02207-JAR-KGG

## MEMORANDUM AND ORDER

Plaintiff Lois K. Sporleder brings this action[1] against her former employer, Defendant U.S. Bank National Association ("U.S. Bank").[2] Plaintiff alleges that Defendant violated Kansas public policy against retaliatory discharge by terminating her in retaliation for requesting to use Defendant's handicap parking stalls. This matter is before the Court on Defendant's Motion to Dismiss (Doc. 7) pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The motion is fully briefed, and the Court is prepared to rule. For the reasons below, the Court **grants** Defendant's motion to dismiss.

**I.    Standard**

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative

---

[1] Defendant removed this action to this Court from the District Court of Johnson County, Kansas, pursuant to 28 U.S.C. §§ 1441, 1446. Doc. 1 at 1.

[2] Defendant notes that it is unclear what entity Plaintiff intended to name as defendant, but assumes Plaintiff intended to name her former employer, U.S. Bank National Association, as opposed to U.S. Bancorp, a financial services holding company. Doc. 8 at 1 n.1. Plaintiff does not address this confusion in her Response.

level"³ and must include "enough facts to state a claim for relief that is plausible on its face."⁴ Under this standard, "the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."⁵ The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."⁶ "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."⁷ Finally, the court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.⁸

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'"⁹ Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.¹⁰ Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."¹¹ "A claim has facial plausibility when the plaintiff pleads factual content

---

³ *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004)).

⁴ *Id*. at 570.

⁵ *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

⁶ *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

⁷ *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

⁸ *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

⁹ *Id*. (quoting *Twombly*, 550 U.S. at 555).

¹⁰ *Id.* at 678–79.

¹¹ *Id*. at 679.

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]

## II. Background

Unless otherwise stated, the following facts are drawn from Plaintiff's Petition and construed in the light most favorable to Plaintiff.

Plaintiff Lois Sporleder worked as a Fraud Operations Specialist for Defendant U.S. Bank until her termination on or about March 29, 2017.[13] During her employment, Plaintiff possessed one or more physically disabling conditions, including Neuropathy in her feet, Degenerative Disk Disease, and Diabetes.[14] Her disabling conditions were exacerbated by walking. Plaintiff advised her immediate supervisor of her disabilities. Specifically, she sought Defendant's permission to use one of its designated handicap parking stalls.[15] Defendant, however, denied her request to use handicap parking.[16] Plaintiff alleges Defendant subsequently discharged her in retaliation for seeking to enforce her request to use a designated handicap parking stall.[17]

## III. Discussion

Kansas is an at-will employment jurisdiction, meaning that absent an express or implied contractual agreement, an employer is free to terminate employment at will.[18] The Kansas

---

[12] *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

[13] Doc. 1-1 at 3, ¶ 5.

[14] *Id.* ¶ 7.

[15] *Id.* ¶ 10.

[16] *Id.* ¶ 11.

[17] *Id.* ¶ 12.

[18] *Flenker v. Willamette Indus., Inc.*, 967 P.2d 295, 298 (Kan. 1998) (citing *Johnston v. Farmers All. Mut. Ins. Co.*, 545 P.2d 312, 315 (Kan. 1976)); *see also Conus v. Watson's of Kan. City, Inc.*, No. 11-CV-2149-JAR/KGG, 2011 WL 4348315, at *1 (D. Kan. Sept. 16, 2011).

3

Supreme Court, however, has recognized a public policy exception to the at-will employment doctrine for retaliatory discharge.[19] This common law exception seeks to discourage employers from firing employees who exercise their rights under labor-management regulation statutes.[20] The application of the public policy exception, however, is unnecessary when a plaintiff is already protected by a statutory remedy, because the statutory remedy will adequately address the state's public policy concern.[21] Thus, under the adequate alternative remedy doctrine, if an adequate federal or state remedy is available, the public policy claim under Kansas common law is precluded.[22] Therefore, to state a plausible claim for retaliatory discharge under Kansas common law, a plaintiff must not only present factual allegations showing conduct that violates public policy, but the plaintiff also must have no adequate remedy under federal or state statutory law.[23]

Here, Defendant argues that the Kansas Acts Against Discrimination ("KAAD") and the Americans with Disabilities Act ("ADA") provide adequate statutory remedies and thus preclude Plaintiff's Kansas common law retaliatory discharge claim.[24] Plaintiff argues that her common law claim is not subject to or precluded by the alternative remedy doctrine because her outspoken protest, not her disability, led to Defendant's alleged retaliation.[25] For purposes of

---

[19] *Flenker*, 967 P.2d at 298.

[20] *Id.* (citing *Palmer v. Brown*, 752 P.2d 685, 689–90 (Kan. 1988)); *Scott v. Topeka Performing Arts Ctr., Inc.*, 69 F. Supp. 2d 1325, 1328 (D. Kan. 1999) (quoting *Brown v. United States Methodist Homes for the Aged*, 815 P.2d 72, 81 (Kan. 1991)).

[21] *See Conner v. Schnuck Mkts., Inc.*, 906 F. Supp. 606, 615 (D. Kan. 1995) (citing *Polson v. Davis*, 895 F.2d 705, 709–10 (10th Cir. 1990)).

[22] *Id.*

[23] *Id.*; *see also Conus v. Watson's of Kan. City, Inc.*, No. 11-CV-2149-JAR/KGG, 2011 WL 4348315, at *2 (D. Kan. Sept. 16, 2011).

[24] Doc. 8 at 3.

[25] *See* Doc. 11 at 2.

brevity, this analysis discusses the adequate remedies doctrine as it applies to the KAAD; the doctrine applies equally to the ADA.[26]

Among other things, the Kansas legislature declared the KAAD to be the Kansas policy on preventing and eliminating discrimination in employment because of disability.[27] The KAAD specifically contains an anti-retaliation provision prohibiting an employer from terminating an employee who opposed any practice or act made unlawful under the statute.[28] Nonetheless, Plaintiff argues that she suffered a separate harm from those covered under the KAAD because she protested Defendant's denial of her lawful right to use designated handicap parking, and Defendant then terminated her in retaliation for seeking to enforce this alleged right.[29] Defendant's alleged retaliatory actions are specifically prohibited by the KAAD's anti-retaliation provision, and therefore, Plaintiff's common law claim for retaliatory discharge in violation of Kansas public policy is based on conduct covered under the KAAD. Thus, so long as the KAAD's remedy for retaliatory discharge is adequate, Plaintiff's common law claim for retaliatory discharge in violation of Kansas public policy is precluded.[30]

Although the Kansas Supreme Court has not explicitly evaluated whether the KAAD provides an adequate remedy for retaliatory discharge, the Tenth Circuit held in *Polson v. Davis* that "the Kansas Supreme Court would adopt the position that KAAD provides an adequate and

---

[26] *See Williams v. Prison Health Servs.*, 159 F. Supp. 2d 1301, 1315 (D. Kan. 2001) (precluding a plaintiff from pursuing a Kansas common law public policy claim because the ADA and KAAD provide adequate remedies).

[27] K.S.A. § 44-1001; *see also* 42 U.S.C. § 12101(b)(1) ("It is the purpose of [the ADA] to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities.")

[28] K.S.A. § 44-1009(4) (anti-retaliation provision of the KAAD); *see also* 42 U.S.C. § 12203(a) (anti-retaliation provision of the ADA).

[29] Doc. 11 at 3.

[30] *See Conus*, 2011 WL 4348315, at *1.

exclusive state remedy for violations of public policy enunciated therein."[31] The Tenth Circuit further explained, "[t]here is no evidence that the remedies provided for in KAAD are constitutionally inadequate to compensate plaintiff, or so inadequate to enforce the stated public policy as to require bolstering by a common law cause of action."[32] Thereafter, this Court has consistently followed the Tenth Circuit and found that the KAAD and federal employment statutes preclude a common law retaliatory discharge claim for conduct covered by statute.[33]

Despite the Tenth Circuit authority, Plaintiff invites the Court to follow *Campbell v. Husky Hogs, LLC*,[34] where the Kansas Supreme Court allowed a common law retaliatory discharge claim because the Kansas Wage Payment Act ("KWPA") did not provide an adequate remedy.[35] In determining that the KWPA provided an inadequate remedy, the Kansas Supreme Court weighed three influential factors: (1) differences in the procedures for bringing a claim, (2) differences in claimant control, and (3) differences in damages available.[36] Subsequently, the Kansas Court of Appeals recognized that the *Campbell* court "emphasized that in making a determination whether an adequate alternative remedy existed, a court should look at (1) whether

---

[31] *Polson v. Davis*, 895 F.2d 705, 709 (10th Cir. 1990).

[32] *Id.* at 709–10.

[33] *See e.g.*, *Daniels v. United Parcel Serv., Inc.*, 797 F. Supp. 2d 1163, 1197 (D. Kan. 2011) (finding that the KAAD, along with other statutory schemes, provided an adequate remedy for plaintiff's retaliation claim); *Boe v. AlliedSignal Inc.*, 131 F. Supp. 2d 1197, 1205 (D. Kan. 2001) (discussing the Tenth Circuit's recognition that the adequate alternative remedy doctrine "precludes a cause of action for violation of the public policy of [KAAD] because the [KAAD] provides its own adequate remedies"); *Williams v. Prison Health Servs.*, 159 F. Supp. 2d 1301, 1315 (D. Kan. 2001) ("The ADA and KAAD provide adequate remedies allowing a plaintiff to recover for constructive discharge. Therefore, the court will not allow plaintiff to pursue a common law claim under the public policy exception to the employment at-will doctrine."); *Williams v. Evogen, Inc.*, No, 12-2620-JWL, 2013 WL 2152183, at *2 (D. Kan. May 17, 2013) (noting that the Tenth Circuit extends *Polson* to plaintiffs asserting a common law claim for retaliation when they have a federal statutory right); *see also Kochsmeier v. H.I.T., Inc.*, No. 10-2062, 2010 WL 11628810, at *3 (D. Kan. May 17, 2010) (finding that the KAAD "provides an adequate and exclusive state remedy for violations of the public policy enunciated" in the statute and a wrongfully discharged employee could recover under the Act, but not under a tort of wrongful discharge (citation omitted)).

[34] 255 P.3d 1, 9 (Kan. 2011).

[35] *Id.*

[36] *Id.* at 8–9; *Hysten v. Burlington N. Santa Fe Ry. Co.*, 108 P.3d 437, 445 (Kan. 2004).

6

the alleged alternative remedy redresses the same or different harm and (2) whether the alleged alternative remedy would provide the employee-plaintiff with the same process."[37] The Court finds the KAAD distinguishable from the KWPA.[38]

As an initial matter, the Kansas Supreme Court in *Campbell* found that while KWPA claims redress unpaid wages, common law retaliatory discharge claims—like claims under the KAAD[39]—redress wrongful employment termination.[40] Thus, unlike the KAAD, the KWPA does not provide a cause of action for retaliatory termination against an employee who exercises rights under the KWPA.

Plaintiff notes that the KAAD's procedural requirements and claimant control differ from those in Kansas common law retaliation claims. She does not explain, however, why these slight differences make the remedy provided by the KAAD inadequate. Regarding differences in procedure, the Court in *Campbell* found that the claimant, who had brought a KWPA administrative action for lost wages, was not afforded the same process as a claimant litigating a common law retaliatory discharge claim because the KWPA administrative action did not provide the either party with the right to a jury trial, and the Secretary of Labor has considerable statutory discretion and control over a party's administrative KWPA claim.[41] In contrast, a plaintiff asserting a KAAD claim for retaliatory discharge may bring an independent court action

---

[37] *Sage Hill v. State*, 388 P.3d 122, 145 (Kan. Ct. App. 2016) (citing *Campbell*, 255 P.3d at 8–9).

[38] *Campbell*, 255 P.3d at 8.

[39] *See* K.S.A. § 44-1009(a)(4); *see also* 42 U.S.C. § 12203(a); *Daniels v. UPS*, 797 F. Supp. 2d 1163, 1197 (D. Kan. 2011).

[40] *Campbell*, 255 P.3d at 8–9 ("While [the KWPA] remedies may adequately compensate Campbell for his unpaid wage claim, it is difficult to see how they adequately compensate him for wrongful termination or provide[s] a better deterrent for the retaliatory misconduct alleged.").

[41] *Id.* at 9 (citing K.S.A. §§ 44-322, 44-332a).

with the right to a jury trial, once they have exhausted administrative remedies and the Kansas Human Rights Commission issues a no probable cause finding.[42]

Next, Plaintiff argues that the KAAD offers an inadequate remedy unless the statute allows for the same damages as a common law retaliation claim.[43] Plaintiff relies on the *Campbell* court's recognition of *Hysten v. Burlington Northern Santa Fe Railway Co.*,[44] where the Kansas Supreme Court found the unavailability of compensatory and punitive damages under the Railway Labor Act ("RLA") was not a trivial matter as these damages may deter public policy violations.[45] As to the availability of damages, while neither the KWPA nor RLA provide damages for pain and suffering,[46] the KAAD allows up to $2,000 in damages for "pain, suffering and humiliation which are incidental to the act of discrimination."[47] Thus, although pain and suffering damages may be capped, the KAAD provides compensatory relief for these noneconomic injuries.[48]

Plaintiff additionally cites *Hilburn v. Enerpipe Ltd.*—a recent Kansas Supreme Court decision striking the cap on noneconomic damages in personal injury claims[49]—arguing that the KAAD provides an inadequate remedy because compensatory damages under a common law

---

[42] K.S.A. § 44-1005(d)(i); *see also Sandlin v. Roche Labs., Inc.*, 991 P.2d 883, 889 (Kan. 1999); *Wagher v. Guy's Foods*, 885 P.2d 1197, 1212 (Kan. 1994); *Van Scoyk v. St. Mary's Assumption Parochial Sch.*, 580 P.2d 1315, 1317 (Kan. 1978).

[43] Doc. 11 at 3

[44] 108 P.3d 437 (Kan. 2004).

[45] *Id.* at 445 (noting that, in addition to the unavailability of compensatory damages for pain and suffering and punitive damages, the RLA also requires arbitration, which impacted claimant control).

[46] *See* K.S.A. § 44-315; *Campbell*, 255 P.3d at 9 (discussing the damages available under a KWPA claim as opposed to a common law retaliatory discharge claim and finding that "[u]nder common law, [plaintiff] may seek future lost wages, any other actual damages, and applicable remedies for pain and suffering, as well as punitive damages" (citation omitted)); *Hysten*, 108 P.3d at 44–45.

[47] K.S.A. § 44-1005(k).

[48] *See id.*

[49] 442 P.3d 509, 524 (Kan. 2019).

retaliation claim may far exceed the damages available under the KAAD.[50] Defendant argues the standard is not whether statutory and common law remedies are coextensive, but whether the statute adequately protects an employee from retaliatory discharge.[51] The unavailability of compensatory or punitive damages does not make a statutory remedy inadequate.[52] As this Court has explained, "[a]n *exact* alternative remedy is not needed for preclusion, only an *adequate* alternative remedy."[53] Plaintiff does not show how the KAAD's damages for pain and suffering inadequately deter violations of public policy that the KAAD is intended to prevent. Moreover, Plaintiff fails to show how a potential difference in damages between common law and statutory claims for retaliatory discharge outweighs the Kansas Supreme Court's emphasis on process and claimant control in determining a remedy's adequacy. Therefore, and consistent with past decisions, the Court finds that the KAAD and ADA provide adequate alternative remedies to Plaintiff's common law retaliatory discharge claim and accordingly grants Defendant's Motion to Dismiss.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss (Doc. 7) is **granted**.

**IT IS SO ORDERED.**

Dated: August 7, 2019

---

[50] Doc. 11 at 4.

[51] Doc. 12 at 6.

[52] S*ee Masters v. Daniel Int'l Corp.*, 917 F.2d 455, 457 (10th Cir. 1990) ("The remedies under the [Energy Restoration] Act like the remedies under the KAAD in *Polson* are indeed adequate to compensate an aggrieved employee."); *Conus v. Watson's of Kan. City, Inc.*, No. 11-CV-2149-JAR/KGG, 2011 WL 4348315, at *4 (D. Kan. Sept. 16, 2011) ("[E]ven if the [Fair Labor Standards Act] does not provide plaintiffs the opportunity to seek punitive damages, it still offers an adequate alternative remedy to Kansas common law for wrongful termination."); *Lumry v. State*, 385 P.3d 479, 493 (Kan. 2016) ("While the [Fair Labor Standards Act] does not provide for punitive damages, which are available under common law, it does provide for double damages, costs, and attorney's fees."); *see also* K.S.A. § 44-1005(k) (listing non-exclusive remedies under the KAAD).

[53] *Conus*, 2011 WL 4348315, at *3.

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE